UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| APRIL L. YOUNG, | § § § |
| Plaintiff, | § § |
| vs. | § § CASE NO.: 10-429 |
| BOND COLLECT SERVICES, INC., | § § § |
| Defendant. | § |

## COMPLAINT

COMES NOW the Plaintiff, April L. Young, (hereafter the "Plaintiff") by counsel, and for her complaint against the above-named Defendant, alleges as follows:

## JURISDICTION AND VENUE

The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PRELIMINARY STATEMENT

This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to enjoin Defendant Bond Collect Services, Inc.'s conduct and recover damages by reason of this Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt by tactics that involved harassing the Plaintiff and forcing her into paying for the alleged debt owed.

## PARTIES

1. Plaintiff is a resident of Mobile County, Alabama.

2. Defendant Bond Collect Services, Inc. ("Bond Collect") is a corporation which is, upon information and belief, incorporated under the laws of the state of Colorado and has its principal place of business in Colorado. For all relevant times, Bond Collect was engaged in business within the State of Alabama, including the collection of debts. Bond Collect is regularly engaged in the practice of debt collection.

3. Bond Collect sends collection letters and places collection calls as a regular part of its business.

4. The mails and interstate wire communications are used to conduct the business of Bond Collect.

5. Defendant is a debt collector as defined by the FDCPA.

## FACTS

6. On or about November 4, 2009, Plaintiff received a letter from Defendant Bond Collect regarding a past due medical bill.

7. The day after the Plaintiff received the collection letter from Bond Collect she received a telephone call from someone who identified themselves as an employee of Bond Collect and demanded the Plaintiff pay the debt in full.

8. The Plaintiff explained that the debt was covered by her health insurance and she did not owe the debt. The Bond Collect agent proceeded to call the Plaintiff a "dead beat" and informed her that Bond Collect would file a lawsuit against her immediately if the debt was not paid.

9. Plaintiff was upset by the use of the term "dead beat" as she had always paid her bills.

10. Plaintiff was never served with a complaint by Bond Collect for the alleged debt owed after the conversation with the agent for Bond Collect.

11. Plaintiff never received a notice from the Defendant verifying that the debt belonged to her.

12. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs against all the named Defendant.

13. Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5)

14. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

## COUNT ONE
### (FDCPA § 1692d VIOLATIONS)

15. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

16. This is a claim asserted against Defendant Bond Collect for violations of the FDCPA.

17. Defendant Bond Collect is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

18. Defendant has violated the FDCPA in connection with its attempts to collect an account against Plaintiff. Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. § 1692d.

19. The Defendant used abusive, rude, and harassing language towards the Plaintiff as she was called a "debt beat" by one of the Defendant's agents.

20. As a result of its violations of the FDCPA, Bond Collect is liable to Plaintiff for declaratory judgment that Bond Collect violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Bond Collect for the following:

a. Statutory damages pursuant to 15 U.S.C. 1692k;

b. Declaratory judgment that Defendant's conduct violated the FDCPA;

c. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

d. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (FDCPA § 1692e VIOLATIONS)

22. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

23. This is a claim asserted against Defendant Bond Collect for violations of the FDCPA.

24. Defendant Bond Collect is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant has violated the FDCPA in connection with its attempts to collect the account against Plaintiff. Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. § 1692e.

26. Defendant stated that they intended to file a lawsuit immediately against the

Plaintiff to recover the debt, but a lawsuit was never initiated by Bond Collect.

27. As a result of its violations of the FDCPA, Bond Collect is liable to Plaintiff for declaratory judgment that Bond Collect violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Bond Collect for the following:

a. Statutory damages pursuant to 15 U.S.C. 1692k;

b. Declaratory judgment that Defendant's conduct violated the FDCPA;

c. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

d. Such other and further relief as this Court deems just and proper, the premises considered.

RESPECTFULLY SUBMITTED this the 6th day of August, 2010.

TRIAL BY JURY IS DEMANDED.

_____
JAMES D. PATTERSON (PATTJ6485)
KENNETH J. RIEMER (RIEMK8712)
Attorneys for Plaintiff

OF COUNSEL:
UNDERWOOD & RIEMER, P.C.
166 Government Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 432-9212
E-mail: jpatterson@alalaw.com

PLEASE SERVE DEFENDANTS BY US CERTIFIED MAIL AT THE FOLLOWING:

Bond Collect Services, Inc.
451 21st Avenue
Longmont, CO 80501