UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| APRIL L. YOUNG, | § |
| | § |
|     Plaintiff, | § |
| | § |
| vs. | §    CASE NO.: 10-CV-00429-WS-B |
| | § |
| BOND COLLECT SERVICES, INC., | § |
| | § |
|     Defendant. | § |

### PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff and in response and opposition to the Motion for Summary Judgment filed by Defendant submits the following:

### INTRODUCTION

This is the case under the fair debt collection practices act. Plaintiff, Ms. April Young, received dunning letters and telephone calls from the defendant's agents. The first two agents she spoke with were courteous and professional. After the contact with these agents, however, she received telephone calls, made by other agents of the defendant, which were abusive and unprofessional. It is these calls that are the subject of this suit. The defendant has taken the unusual tactic of filing a motion for summary judgment before any discovery has been done.

### RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

1.    On August 10, 2010, Plaintiff, April L. Young, filed a Complaint against the Defendant, BC Services, alleging it violated §§ 1692d and 1692e of the FDCPA. (*See* Complaint).

**Response:** Admitted.

1

2. The Plaintiff claims she was subjected to harassing and abusive language and threatened with a lawsuit never intended to be initiated by BC Services. *ld.* Furthermore, Plaintiff alleges the representative called her a "deadbeat" and threatened to file suit if the debt was not paid. (Complaint ¶ 8, p. 2).

**Response:** Admitted.

3. The Plaintiff contends the alleged harassing and threatening statements took place during a call on or around November 4, 2009. (Complaint ¶¶ 7, 8, p. 2).

**Response:** Admitted, but Plaintiff clarifies in her affidavit in ¶¶ 7 and 8 of her affidavit that the abusive calls took place after the November 3rd conversation.

4. BC Services has a policy automatically to record all incoming calls which are then stored in an electronic database for compliance purposes. (Exhibit "A", Aff. of Steve Boettcher ¶¶ 9, 10).

**Response:** There has been no discovery therefore Plaintiff cannot admit or deny this statement.

5. None of these recorded calls are altered or manipulated, and each is complete from beginning to end. (Exhibit "A", Aff. Of Steve Boettcher ¶¶ 14, 15).

**Response**: This is a conclusory statement that contains no specific supporting facts. "Conclusory allegations such as these, without specific supporting facts, have no probative value. *SEC v. Bonastia*, 614 F.2d 908, 914 (3d Cir. 1980); *Broadway v. City of Montgomery*, 530 F.2d 657, 660 (5th Cir. 1976); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135, 139 (5th Cir. 1973) *Gordon v. Terry*, 684 F.2d 736, 744 (11th Cir. Fla. 1982).

6. BC Service's only conversation with the Plaintiff on or around the date alleged within the Complaint was on November 3, 2009, wherein the Plaintiff placed an incoming call to the office of BC Services.

**Response:** There has been no discovery therefore Plaintiff cannot admit or deny this statement. Plaintiff, however, clarifies in her affidavit that the abusive calls took place after the November 3rd conversation. See Plaintiff's Exhibit 1 at in ¶¶ 7 and 8.

7. There are no other calls on or around November 4, 2009.

**Response:** There has been no discovery therefore Plaintiff cannot admit or deny this statement. Plaintiff, however, clarifies in her affidavit that the abusive calls took place after the November 3rd conversation. See Plaintiff's Exhibit 1 at in ¶¶ 7 and 8.

8. BC Service's only other conversations with the Plaintiff took place on August 6, 2009, October 8, 2009, and December 9, 2009. (Exhibit "A", Aff. of Steve Boettcher ¶¶ 6 and 8.)

**Response:** There has been no discovery therefore Plaintiff cannot admit or deny this statement. Plaintiff, however, clarifies in her affidavit that the abusive calls took place after the November 3rd conversation. See Plaintiff's Exhibit 1 in ¶¶ 7 and 8. Furthermore, Mr. Boettcher does not mention any August 6th conversation in the affidavit.

9. A complete and unmodified recording and transcript of the parties' November 3, 2009, conversation are produced and marked as Exhibit "B" and "C", respectively.

**Response:** Admitted for purposes of this response only.

10. The Plaintiff spoke with two BC Service representatives during the November 3, 2009, call. (*See* Exhibit "B" Diskette Recording of November 3, 2009 Inbound Call; Exhibit *"C",* Transcript of November 3, 2009, Inbound Call). Both the transcript and recording confirm

neither BC Service representative used harassing or abusive language when speaking with the Plaintiff.

**Response:** Admitted.

11.    At no time during the November 3, 2009, call was the Plaintiff called a "dead beat," or threatened with an immediate lawsuit if her debt was not paid. *Id.*

**Response:** Admitted.

## PLAINTIFF'S STATEMENT OF FACTS

Ms. Young's first contact with the defendant was collection letter. She was surprised to receive the letter and called the defendant inquiring what the letter was about. She learned that her health insurance had, apparently, not paid one of her medical bills. See Plaintiff's Exhibit 1 ¶ 3. On that occasion she spoke with one Anna Mathers. She asked Ms. Mathers to send her an itemized statement and told her that she was going to take the matter of payment up with her health insurance company. See Plaintiff's Exhibit 1 ¶¶ 4 and 5.

Young called the defendant again on or about November 3, 2009 inquiring about the itemized statement. On that occasion she spoke to Ms. Mathers again. Ms. Mathers treated her in a courteous and professional manner. See Plaintiff's Exhibit 1 ¶ 6.

After that call Ms. Young received several more phone calls from defendant's agents. On these occasions other agents of the defendant made derogatory statements to Ms. Young. For example she was called a "deadbeat" and "sorry ass". See Plaintiff's Exhibit 1 ¶ 7.

She received yet another phone call from defendant's agents and on this occasion she was referred to by the agent as a "bitch." After hanging up on the agent, she called back and asked to

4

speak with a supervisor. She was told the supervisor was not available. See Plaintiff's Exhibit 1 ¶¶ 8, 9 and 10.

Although she is not sure of the exact date of the calls Mrs. Young believes that they all took place during October, November and December 2009. See Plaintiff's Exhibit 1 ¶ 11.

## LEGAL ARGUMENT

## SUMMARY JUDGMENT STANDARD

Under the provisions of Rule 56 (c) Federal Rules Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant "always bears the initial responsibility of informing the district court of the basis for its motion"... and ... must "demonstrate the absence of a genuine issue of material fact." *Id*.

After the movant has met its burden under Rule 56(c), the non-movant must set forth "specific facts showing that there is a genuine issue for trial" *Id*. In ruling, the Court "must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor." See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); cited in *Reeves v. Thigpen*, 879 F.Supp 1153, 1166 (M.D.Ala. 1995).

In entertaining a motion for summary judgment, the court should review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but the court may not make credibility judgments or weigh the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). "Although the court should review the record as a whole, it

must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence supporting the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses. 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, pp. 299-300 (2d Ed. 1995)"; *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097 (2000).

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (U.S. 1995). A debt collector who "fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." § 1692k(a) *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (U.S. 2010) "[T]he remedial nature of the statute, which requires us to interpret it liberally. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. Or. 2006) *accord Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) ("Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer."). "[T]he Fair Debt Collection Practices Act's strictures are intended to protect unsophisticated consumers, see, e.g., *Jeter v. Credit Bureau, Inc.,* 754 F.2d 907, 910-913 (11 Cir. 1985)."*Ayala v. Dial Adjustment Bureau, Inc*., 1986 U.S. Dist. LEXIS 30983 (D. Conn. Dec. 4, 1986)

**I.     THE DEFENDANT'S MOTION IS PREMATURE AND SHOULD BE DENIED FOR THAT REASON ALONE**

[]Rule 56 implies, [that] district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Georgia Bank,* 859 F.2d 865, 870 (11th Cir. 1988); see also

> *McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery); *Ross v. Bank South, NA*., 885 F.2d 723, 730 (11th Cir. 1989) (affirming summary judgment because the non-movant was unable to create any issue of fact after "substantial discovery"), cert. denied, 495 U.S. 905, 109 L. Ed. 2d 287, 110 S. Ct. 1924 (1990). Indeed, "the whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir. 1976). Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).

*Blumel v. Mylander,* 919 F. Supp. 423, 428 (M.D. Fla. 1996)

Let us look at the facts presently before the court. Mr. Boettcher says, "Except as prohibited by law all incoming calls to BC Services are automatically recorded and saved as business records for 395 days." See Defendant's Exhibit A ¶ 9. It is not clear at stated in the next paragraph of the affidavit, if "all", meaning incoming and outgoing calls, are recorded or if just incoming calls are recorded. The affidavit then continues and describes software that links telephone numbers with collection files "automatically." See Exhibit A ¶¶ 11, 12, and 13. It does not say what happens when a person calls from a different number, such as a cellular telephone.

According to the defendant's brief, there were only four conversations between the parties. These took place on August 6th 2009, October 8th 2009, November 3rd 2009 and December 9th 2009. See Defendant's brief at P. 2.[1] In the carefully worded affidavit of Steve Boettcher, he does not state that there were no other conversations between the parties. He stated he was "aware of no other conversations occurring 'on or about' November 4th 2009." See Defendant's Exhibit A ¶¶ 6 and 7. The affidavit does not say that there were no other calls or that there was a thorough search of the records and that there were no other calls found.

---

[1] The August 2009 call is not mentioned in the Defendant's affidavit. It is only mentioned in the brief.

Ms. Young clarifies in her affidavit that she is unsure of the exact dates that the conversations took place. See Plaintiff's Exhibit 1 ¶ 11. It is during conversations between the parties occurring after November 3rd 2009 that defendant's agents made abusive and derogatory statements to Ms. Young. See Plaintiff's Exhibit 1 ¶¶ 7 and 8. These calls were made to Ms. Young and not placed by her. She says in her affidavit:

> After that, I received several phone calls from Bond Collect in regards to the accounts. In one such call, I was called by the agent, "a deadbeat", and told "that we will just sue your sorry ass because you obviously weren't going to pay the bill."
> I received another call from Bond Collect. On this occasion I was, once again, treated rudely by the agent. The agent actually screamed at me over the phone and called me a "bitch." Then I told her that until she could talk to me in a more professional manner, I would.

Plaintiff's Exhibit 1 ¶¶ 7and 8.

Ms. Young will need discovery on at least the following:

1. Defendant's procedures in general;
2. Defendant's procedures for FDCPA compliance;
3. Defendant's training procedures;
4. The content of all calls made to and received from Ms. Young;
5. Defendant's recording keeping procedures;
6. The identity of the agents that dealt with Ms. Young;
7. The call recording procedures of defendant;
8. The content of the recordings mentioned in defendant's brief; and
9. The validity of the underlying debt.

There has been no discovery in this case and no order allowing discovery. The defendant's motion should be denied for that reason alone. Even without discovery it is apparent

that are numerous factual questions that preclude summary judgment at this point as shown below.

## II.     THERE IS OBVIOUSLY A FACTUAL DISPUTE HERE

The claims here arise out of several telephone conversations between the plaintiff, Ms. April Young, and the defendant's agents. The defendant has moved for summary judgment based on an affidavit and the transcript of the November 3rd 2009 conversation between Ms. Young and defendants agents, Pat Lontine and Anna Mathers. It is undisputed that there were several other conversations between Ms. Young and the defendant. Defendant says, in a footnote at the bottom of the second page of its brief, that the "other conversations are not in dispute" and declined to produce them at this time.

Ms. Young claims that Defendant's agents were abusive in a conversation that would have had to taken place after the conversation on November 3rd. The defendant says that it did not use abusive language or threaten to file a collection suit against Ms. Young on November 3rd 2009. Further the defendant, in the brief only, states that in the three other recorded conversations there were no threats of suit or abusive language "as described in the complaint." Clearly there is a dispute here. See Defendant's Brief at p.2 footnote 1. Young has filed an affidavit stating that agents of the defendant used threatening and abusive language while attempting to collect a debt. The defendant has filed a motion for summary judgment stating that it has not engaged in that conduct. This constitutes a factual dispute.

"The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "This Court may not decide a

genuine factual dispute at the summary judgment stage." *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## CONCLUSION

For all the reasons stated above Defendant's motion for summary judgment is due to be denied.

\s\Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.  (UNDEE9591)
Underwood & Reimer, PC
Fairhope, Alabama  36533
South Section Street
Faitrhope, AL 36532
251-990-5558
251-990-0626 (fax)
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd  day of October, 2010 , electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Neal D. Moore, III
Larry Young Jr.
Ferguson Frost & Dodson, LLP
2500 Acton Rd,Ste. 2500
Birmingham, AL 35243

 \s\Earl P. Underwoods, Jr.
EARL P. UNDERWOOD, JR.

11