IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL L. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0429-WS-B |
| ) | |
| BOND COLLECT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's Motion for Summary Judgment (doc. 11). The Motion has been briefed and is ripe for disposition.

**I.    Relevant Background.**

On August 10, 2010, plaintiff, April L. Young, filed her Complaint (doc. 1) in this District Court against defendant, Bond Collect Services, Inc. The Complaint advances a pair of claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). The straightforward factual predicate pleaded in the Complaint is as follows: On or about November 5, 2009, plaintiff received a telephone call from a Bond Collect employee who demanded that she pay a past due medical bill, accused her of being a "deadbeat," and threatened immediate legal action if she did not pay. The Complaint alleges that Young never received a notice from Bond Collect verifying that the debt belonged to her, and that Bond Collect never served her with a complaint to recover the debt, either. On the strength of these factual allegations, Young contends that Bond Collect violated the FDCPA by using abusive, rude and harassing language, and by falsely threatening to initiate legal proceedings against her.

Less than three weeks after filing its Answer (doc. 5), and without conducting any discovery or even submitting the parties' Rule 26(f) Report prefatory to discovery,[1] Bond Collect

---
[1] Magistrate Judge Bivins entered a Preliminary Scheduling Order (doc. 10) directing the parties to meet and file their Rule 26(f) Report by no later than October 25, 2010. To date, however, the parties have not filed any such report, nor have they requested relief from the PSO.

filed its Motion for Summary Judgment. Notwithstanding the aggressive and unorthodox timing of its Rule 56 motion, Bond Collect asserts that it is entitled to summary judgment now because (i) the parties' only communication on or about November 5, 2009 was a recorded telephone call conducted on November 3, 2009; and (ii) Bond Collect's recording of that call reveals no abusive, harassing language, and no threats of imminent litigation. In support of that Motion, defendant submits the Affidavit of Steve Boettcher (doc. 12, exh. A), its president. Boettcher avers that "all incoming calls to BC Services are automatically recorded and are saved as business records for 395 days." (Boettcher Aff., ¶ 9.) He also states that he is aware of only a single telephone conversation between Young and Bond Collect occurring "on or about" November 5, 2009 as alleged in the Complaint – that being the November 3 call -- and that other calls involving Young found in defendant's records took place on October 8, 2009 and December 9, 2009. (*Id.*, ¶¶ 6-8.) Defendant submitted into the record both the recording and a transcript of that November 3 call. (Doc. 12, Exhs. B & C.) Those exhibits confirm that the Bond Collect representative who spoke with Young on November 3, 2009 did not use harassing or threatening language, did not call her a "deadbeat," and did not threaten to sue her, but that the conversation was polite, cordial and businesslike on both sides. Plaintiff does not dispute that the November 3 call identified in defendant's exhibits lacks any indicia of harassment or threat. She does not contend that defendant violated the FDCPA in that call.

## II.     Summary Judgment Standard.

Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted); *see also Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1136 (11th Cir. 2007) (on summary judgment, courts "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant"). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir. 1987) (citation omitted).

## III.  Analysis.

### A.  *Denial of Defendant's Motion is Warranted under Rule 56(f).*

As a threshold matter, Young asserts that Bond Collect's Rule 56 Motion should be denied as premature pursuant to Rule 56(f), Fed.R.Civ.P., on the grounds that she has not yet had the benefit of discovery. Rule 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable … discovery to be undertaken; or (3) issue any other just order." *Id.* This rule is "infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989). The grant or denial of relief under Rule 56(f) lies within the sound discretion of the trial court. *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989).

Notwithstanding the discretionary nature of Rule 56(f), there are black-letter limits to the exercise of that discretion. For instance, the law of this Circuit is well-defined that "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp.2d 1064, 1067 n.1 (S.D. Ala. 2007) (reciting general rule). Simply put, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the

opportunity to utilize the discovery process to gain access to the requested materials." *Snook*, 859 F.2d at 870. Where district courts fail to honor these principles, appellate courts have not hesitated to find reversible error. *See, e.g., Jones*, 120 F.3d at 253 (district court abused its discretion in deciding summary judgment motion where plaintiffs never had opportunity to examine requested documents or to depose defendant's witnesses); *Dean*, 951 F.2d at 1213-14 (district court abused discretion by granting summary judgment for defendant without ruling on plaintiff's motion to compel, such that summary judgment was entered on potentially inadequate record).[2]

Additionally, it is clear that something more than a cursory citation to Rule 56(f) is needed before a nonmovant may be granted relief from a precipitous summary judgment motion. In particular, "[t]he party seeking to use rule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone*, 862 F.2d at 843 (citations and internal quotations omitted).[3]

---

[2] That said, the pertinent inquiry is not whether the discovery period has expired, but merely whether the parties have had an adequate opportunity for discovery. *See, e.g., Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment. ... Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery."). Indeed, it is expected that "district judges will be open" to summary judgment motions filed "at an early stage of the litigation if the moving party clearly apprises the court that a prompt decision will likely avoid significant unnecessary discovery." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005); *see also Reflectone*, 862 F.2d at 843-44 (declining to adopt a *per se* rule prohibiting the entry of summary judgment before discovery).

[3] Although Rule 56(f) on its face requires the party invoking that rule to make a showing by affidavit, the Eleventh Circuit has relaxed that requirement, and has deemed sufficient a written representation of counsel that pending, missing or contemplated discovery is essential to justify its opposition to the summary judgment motion. *See, e.g., Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990) ("This circuit recognizes that the interests of justice sometimes require postponement in ruling on a summary judgment motion, although the technical requirements of Rule 56(f) have not been met."); *Snook*, 859 F.2d at 871 ("In this Circuit a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) … in order to invoke the protection of that Rule."); *Allen v. U.S. EEOC Office*, 2010 WL 653329, *2 (11th Cir. Feb. 24, 2010) (same).

In her Response to defendant's Rule 56 Motion, Young enumerates nine categories of information as to which she contends discovery is needed, including such topics as "[t]he content of all calls made to and received from Ms. Young," "[d]efendant's record keeping procedures," "[t]he call recording procedures of defendant," and "[t]he content of the recordings mentioned in defendant's brief." (Doc. 14, at 8.) Without such discovery, plaintiff submits, she is ill-equipped to challenge the veracity or completeness of defendant's evidence regarding its call recording procedures and its records concerning Young. Just because defendant says that its records show only one call involving Young in the early November timeframe alleged in the Complaint does not mean that plaintiff must blindly accept that statement as true, without probing it via discovery. If discovery were to establish that Bond Collect's records were incomplete, or that it in fact had records of an inculpatory phone call in which one of its agents treated Young in an abusive manner, then the entire premise of defendant's Motion for Summary Judgment (*i.e.*, that the allegedly threatening, harassing phone conversation between Bond Collect and Young never took place because defendant lacks any record of it) could melt away.[4]

Of course, Young would not be expected to possess independent knowledge of Bond Collect's internal records and procedures. For that reason, plaintiff is entitled to a reasonable opportunity to examine defendant's representations of fact underpinning its Rule 56 Motion before those representations of fact may be used to scuttle her Complaint. Simply put, it would be unfair to accept defendant's summary judgment evidence concerning its recordkeeping processes, its recordings of telephone calls involving Young, and the like without first affording

---

[4] At the risk of belaboring the point, the gravamen of defendant's Motion is that "[t]he allegations in the Complaint are simply false" and "[t]he factual basis for each count in the Complaint has been conclusively demonstrated to be false." (Doc. 15, at 1-2.) But that conclusion can only be reached if the Boettcher Affidavit is accepted as a valid and correct synopsis of Bond Collect's record collection procedures as well as of its existing records concerning Young. Might Bond Collect have simply failed to record an outgoing call to Young? Is it possible that such a recording exists, but was "misfiled" or tagged to another customer? Are Bond Collect's records concerning Young exactly as Boettcher represents them to be in his affidavit? Surely, plaintiff should be given an opportunity to take discovery on these and other points before it would be appropriate to accept Boettcher's Affidavit as 100% true and to reject the factual allegations in the Complaint as 100% fabrication. Without discovery, both plaintiff and this Court would be forced to accept defendant's evidence on faith, without testing such testimony and exhibits through the crucible of the adversarial process.

her a reasonable opportunity to explore the veracity and completeness of that evidence using discovery processes authorized by the Federal Rules of Civil Procedure.

### B. The Record Shows Genuine Issues of Material Fact.

Plaintiff's other stated ground for opposing defendant's Rule 56 Motion is that genuine issues of material fact preclude entry of judgment as a matter of law at this time. Plaintiff is correct. As already described *supra*, defendant's summary judgment evidence is that there was no harassing or threatening phone call between Bond Collect and Young on or about November 5, 2009. But plaintiff submits countervailing evidence in the form of the Affidavit of April L. Young (doc. 14, exh. 1), wherein she states that in a telephone call following November 3, 2009 (the precise date of which she cannot recall), a Bond Collect agent called her "a deadbeat" and told her, "we will just sue your sorry ass because you obviously weren't going to pay the bill." (Young Aff., ¶¶ 6-7, 11.) Notwithstanding their fuzziness as to timeframe, these averments in Young's Affidavit closely conform to the specific factual allegations presented in her Complaint as the predicate for her FDCPA claims. The Court is thus presented with conflicting and contradictory evidence in the form of the Boettcher Affidavit (denying that the harassing call described in the Complaint took place) and the Young Affidavit (averring that the harassing call described in the Complaint took place).

This Court cannot weigh credibility of competing versions of the facts on summary judgment, but must instead construe the record in the light most favorable to the nonmovant. *See, e.g., Equity Investment Partners, LP v. Lenz*, 594 F.3d 1338, 1345 (11th Cir. 2010) ("And, it is not appropriate to assess credibility on summary judgment."); *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264 (11th Cir. 2006) ("In deciding a summary judgment motion, the court must view all the evidence in the light most favorable to the nonmoving party, and resolve all disputes and draw all inferences in the nonmovant's favor."). This means that Young's account must be accepted as true for summary judgment purposes. Because plaintiff's evidence is that the episode about which she complains did in fact occur (and is not simply a figment of her imagination, as defendant's Motion for Summary Judgment posits), defendant is not entitled to summary judgment.[5]

---

[5] One additional point bears mention at this time. The Complaint unambiguously predicates Young's FDCPA causes of action on a single telephone conversation in which a Bond (Continued)

**IV.    Conclusion.**

Defendant's Motion for Summary Judgment (doc. 11) is **denied** on the grounds that plaintiff has not had a reasonable opportunity to conduct discovery as to matters on which that Motion relies, and there are obvious and glaring issues of fact as to whether or not the alleged telephone call at the core of plaintiff's statutory causes of action actually occurred.  That said, nothing herein shall preclude defendant from renewing its motion at an appropriate time upon an appropriate evidentiary showing.

Because they have allowed the specific deadlines imposed by the Preliminary Scheduling Order (doc. 10) to lapse, the parties are **ordered** to meet and file their Rule 26(f) report (in the manner described in that Preliminary Scheduling Order) by no later than **December 13, 2010**.

DONE and ORDERED this 23rd day of November, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

Collect agent allegedly called her a "deadbeat" and threatened to sue her.  There is no suggestion in the Complaint that Bond Collect engaged in multiple harassing phone calls, or that Young's claims rest on anything other than the "deadbeat" call.  In her summary judgment affidavit, however, Young refers to both the "deadbeat" call and another call in which a Bond Collect agent allegedly "screamed" at her and called her a "bitch."  (Young Aff., ¶ 8.)  That allegation is not properly joined in this action under the current iteration of the pleadings.  To the extent that Young wishes to pursue claims that defendant violated the FDCPA in telephone conversations other than the "deadbeat" call, she must file an appropriate, timely Rule 15 motion to amend her Complaint.  Any such amendment should also correct potential discrepancies between the timing of the "deadbeat" call as articulated by Young's Affidavit and as set forth in the pleadings.