## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| APRIL L. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No: 10-CV-00429 |
| | ) | |
| BC SERVICES, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## MOTION TO COMPEL

COMES NOW the Defendant, BC Services, Inc. (hereinafter "BC Services"), and respectfully requests this Honorable Court to enter an Order compelling the Plaintiff, April L. Young, to answer in full the interrogatories submitted by the Defendant. In support of this Motion, BC Services represents efforts at voluntary compliance have failed and shows as follows:

1.   On December 13, 2010, BC Services served its First Set of Interrogatories and Requests for Production on the Plaintiff, April Young.

2.   On January 7, 2011, Plaintiff provided incomplete discovery responses, specifically, as follows:

*Plaintiff's Interrogatory Responses*

- 7.   Please itemize all out-of-pocket expenses or losses you are claiming as damages in this lawsuit.

   **Answer:  Plaintiff is still calculating her expenses and damages and will supplement this interrogatory at a later time.**

{W0286644.1 }

Deficiency:  Plaintiff has provided no information to date.  Defendant is entitled to all information presently available to the Plaintiff, whether complete or not.  No reason is given for this failure to provide information exclusively within the knowledge of the Plaintiff.  If she has no such damages, she must state as much.  If she does, she must answer the interrogatory.

- 16.   Are you claiming any emotional distress or mental anguish damages in this case?  If so, please provide the following information:

  a.   The name and address of each and every hospital, doctor, psychiatrist, psychologist, counselor, or healthcare professional of any type or nature with whom you have consulted, sought treatment, or otherwise discussed any mental anguish or emotional distress you claim to have been caused by the issues and facts as stated in your lawsuit.

  b.   The dates on which you consulted with any individual listed in section (a) above.

  c.   The name and address of each and every hospital, doctor, psychiatrist, psychologist, counselor, or healthcare professional of any type or nature with whom you have consulted, sought treatment, or otherwise discussed any emotional distress, mental anxiety, depression, or any mental health issue of any type or nature in the ten (10) years preceding the filing of this lawsuit.

  d.   For any individual or business identified in section (c) above, the dates on which you were treated.

  e.   Whether or not a healthcare provider by any definition, please list the names of all individuals or businesses with whom you have discussed any emotional distress or mental anxiety which you claim to have suffered as a result of the issues and allegations in this lawsuit.

f.   For any entities or individuals identified in section (e) above, the dates on which you discussed your emotional distress or mental anguish with such person or entity.

g.   Whether or not a healthcare provider by any definition, the names of any individuals or businesses whatsoever with whom you have discussed any mental anguish, emotional distress, depression or any mental health issue of any type or nature in the ten (10) years preceding the filing of the this lawsuit.

h.   For any entities or individuals identified in section (g) above, the dates on which you discussed your emotional distress or mental anguish with such person or entity.

**Answer:   Since all this has began with the Defendant, Plaintiff's nerves have been on edge. The phone calls Plaintiff have received and made to try to have all this resolved has cause such emotional stress that her blood pressure has risen. Plaintiff is currently on two blood pressure medications where she was just on one and now has to take vitamins prescribed by her doctor to help with her nerves. Plaintiff has been seeking other employment but has been unsuccessfully.**

Deficiency:  In her Supplemental Responses to Bond Collect Services, Inc.'s First Set of Interrogatories, Plaintiff states the name and address of her treating physician. However, Plaintiff does not address subpart (c) which requests information related to any doctors, counselors or other healthcare providers which she has discussed or sought treatment for emotional distress, mental anxiety, depression, or any mental health issue she has suffered in the past ten (10) years. Defendant is entitled to know whether the Plaintiff has previously sought treatment for any mental health problems as she claims the Defendant's conduct caused her alleged emotion distress and other damages.

*Plaintiff's Responses to Defendant's Requests for Production*

- 5.   Please obtain and produce a copy of your current credit report(s).

**Answer:  Plaintiff has no such document.**

- 6.    Please produce a copy of any and all of your credit reports currently in your possession.

**Answer:  Plaintiff has no such document.**

Issue with Plaintiff's response to Requests Numbers 5 and 6:   As Plaintiff indicated she does not possess any copies of her credit report, Defendant requested in subsequent correspondence dated February 2, 2011, that Plaintiff sign and execute a release to enable Defendant obtain copies of such documents. (See Exhibit 1).   However, Plaintiff has not yet provided Defendant with a signed and executed copy of the release.   While it is understandable Plaintiff does not possess copies of her current credit report, Fed. R. Civ. P. 34 (a)(1) nonetheless requires that Plaintiff make available those responsive documents in her "possession, custody, or *control*." (Emphasis added).  It is without question Plaintiff has control of her credit report and may receive copies at her request.  Defendant is entitled to know of all the Plaintiff's delinquent or outstanding accounts in collection during the relevant time period outlined in her First Amended Complaint.   Plaintiff has asserted Defendant's phone calls have caused her emotion distress and other damages.  However, any alleged damages may be the result of other phone calls or communications Plaintiff had with other collectors or creditors besides the Defendant during the relevant time period.

3.    In a correspondence to opposing counsel dated February 2, 2011, Defendant informed Plaintiff of the incomplete and inadequate discovery provided in response to BC Services First Set of Interrogatories and Requests for Production.  Within the same correspondence, Defendant also requested Plaintiff's counsel to provide the undersigned with all supplemental information and documents within 14 days.  (See Exhibit 1).  Plaintiff did not respond at all.

4.    On February 18, 2011, Defendant again asked Plaintiff to supplement her discovery responses to avoid filing a motion to compel. (See Exhibit 2). Plaintiff's counsel thereafter contacted the undersigned and promised to get back in touch with him the same day. (See Exhibit 3). Plaintiff's counsel again failed to contact Defendant or provide supplemental responses as requested.

5.    On February 21, 2011, Defendant once again asked the Plaintiff to supplement her discovery responses to avoid the need to file this Motion. (See Exhibit 4). Plaintiff's counsel then telephoned the undersigned and stated he had not had an opportunity to speak with Plaintiff regarding Defendant's supplemental discovery requests and needed a ten (10) day extension to provide responses. Defendant agreed to Plaintiff's request for a ten (10) day extension. (See Exhibit 5). Nonetheless, Plaintiff _again_ failed to contact Defendant or provide supplemental discovery responses at the expiration of the ten (10) day period.

6.    On March 7, 2011, Defendant yet again attempted to obtain Plaintiff's voluntary compliance. (See Exhibit 6). Attached to a response email, Plaintiff's counsel provided Defendant with unsigned and incomplete supplemental responses to Interrogatories Numbers 2 and 16. (See Exhibit 7). Plaintiff also failed to provide any supplemental response to Defendant's Interrogatory Number 7 or Defendant's Requests for Production Numbers 5 and 6 as previously requested. _Id._

To date, Defendant has yet to receive complete supplemental discovery responses from Plaintiff or any objections or explanation regarding her failure to do so.

WHEREFORE, PREMISES CONSIDERED, Defendant, BC Services, Inc., respectfully requests this Honorable Court for the following relief:

1.    Require the Plaintiff to provide complete discovery responses to Interrogatory Numbers 7 and 16, as well as Requests for Production Numbers 5 and 6, and

2.    For any and all other relief to which Defendant is entitled.

Respectfully Submitted,

/s/ Larry Young, Jr.
Neal D. Moore, III
Larry Young, Jr.
*Attorneys for Defendant BC Services, Inc.*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205) 879-8722 – telephone
(205) 879-8831 – telecopier

{W0286644.1 }

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 14th day of March, 2011, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via Electronic Filing:

Kenneth J. Riemer
James D. Patterson
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, Alabama 36602
*Attorney for Plaintiff*

/s/ Larry Young, Jr.
OF COUNSEL

{W0286644.1 }

# EXHIBIT 1

LARRY YOUNG, JR.
DIRECT LINE:205-380-6996
E-MAIL:LAY@FFDLAW.COM

LAW OFFICES OF
# FERGUSON, FROST & DODSON, LLP
2500 ACTON ROAD
SUITE 200
BIRMINGHAM, ALABAMA 35243

*MAILING ADDRESS:*
P.O. BOX 430189
BIRMINGHAM, AL 35243-0189

TELEPHONE (205) 879-8722
FACSIMILE (205) 879-8831
WWW.FFDLAW.COM

February 2, 2011

James D. Patterson
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, Alabama 36602

Re:   *April Young v. BC Services*
United States District Court, Southern District; Case No: CV10-429
Our File No.: 2014-97

Dear James:

The purpose of this letter is to address some concerns I have regarding your client's answers in response to our first set of discovery requests. In short, several of your client's responses are incomplete as outlined below. In the interest of resolving the discovery disputes amicably, I kindly ask that you voluntarily correct these deficiencies. I look forward to your response and appreciate your attention and time to my requests.

Please revisit your response to Interrogatory No. 2. Within it, you do not provide any phone numbers BC Services allegedly called to contact your client, nor any numbers she used to initiate communication with BC Services. While your client claims to not remember the exact date of the calls in question, We are entitled to the numbers of any phone she used to communicate with BC Services as well as the name of the carrier, e.g., AT&T.

Thank you for your response to Interrogatory item No. 6. However, you only provide information related to Ms. Young's delinquent medical accounts. Within your current response, you object to this request as overly broad. However, these items are highly relevant as they relate to any prior or current accounts which your client has opened and which thereafter have become subject to collections. For the past ten years, kindly identify *all* accounts, or other types of indebtedness of Ms. Young's which have become delinquent and/or were subject to collections. Also responsive is the name of the creditor, the nature of the account, the amount of the alleged delinquency, the date of delinquency and/or date the collection efforts began, the collection company and the current status of each debt. Again, while I appreciate your current response to Interrogatory item No. 6, my request also requires information on non-medical accounts which have become delinquent or referred to collections. If your client has no such other accounts, please state as much.

Please revisit your response to Interrogatory item No. 7. Within your response, you claim Ms. Young is "still calculating her expenses and damages . . ." This answer is insufficient. Please provide me with an itemized list detailing any and all out-of-pocket expenses or losses Ms. Young is claiming. There is no reason or explanation given for this incomplete answer.

{W0282847.1 }

*Young v. BC Services*
Page 2 of 2

Please revisit your response to Interrogatory item No. 16. Ms. Young claims she is suffering from emotional distress and is now on two blood pressure medications and has been prescribed vitamins to help with her nerves. However, you fail to provide any information and dates related to doctor visits or consultations with other healthcare providers as I requested. I would greatly appreciate you supplementing your client's response to Interrogatory item No. 16 with the information requested in each subpart as outlined in my original request.

Lastly, you claim Ms. Young does not possess of any copies of her credit report as indicated in your response to Request for Production Nos. 5 and 6. As such is the case, I kindly ask that you have Ms. Young sign and execute the attached release and return to my attention as soon as possible.

Again, I appreciate your attention to this issue. Please let me know your client's position in response to my requests, and provide me with all supplemental information and documents within the next 14 days. I look forward to your response and will be happy to continue to work with you in this regard.

Thank You,

Larry Young, Jr

LAY/csw

{W0282847.1 }                                                                                                2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| APRIL L. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No: 10-CV-00429 |
| | ) | |
| BC SERVICES, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## AUTHORIZATION FOR RELEASE OF RECORDS

    The Undersigned hereby authorizes Equifax, Experian, and TransUnion, LLC, to provide to Ferguson, Frost & Dodson, LLP, 2500 Acton Road, Suite 200, Post Office Box 430189, Birmingham, Alabama 35243-0189, a complete copy of my full credit report. A photostatic copy of this authorization shall be considered to be as effective and valid as the original.

- Full name: _____

- Social Security Number:_____

- Date of Birth: _____


_____
April L. Young

STATE OF _____)
COUNTY OF _____)

    Before me, the undersigned authority, a notary public, in and for said county and state, personally appeared _____, who being by me first duly sworn and who being known to me, deposes and says that the facts set out in the foregoing Authorization for Release of Records are true and correct to the best of his knowledge, information and belief.

    Sworn to and subscribed before me on this the _____ day of _____2011.


_____
NOTARY PUBLIC
My Commission Expires: _____

{W0282772.1 }

# EXHIBIT 2

**Larry Young**

| | |
|---|---|
| **From:** | Larry Young |
| **Sent:** | Friday, February 18, 2011 8:43 AM |
| **To:** | 'James Patterson' |
| **Cc:** | Rebakah I. Reese |
| **Subject:** | Young v. BC Services |
| | |
| **Importance:** | High |

James,

I hope all is well with you this morning.  My purpose for writing you this morning is two-fold:

(1)     Have your reviewed my letter to you dated February 2, 2011?  Within it, I request that you contact me within the next 14 days your client's supplemental discovery responses.  If your client needs more time to provide supplemental responses, please state as much.  However, I would greatly appreciate you reaching out to me as previously requested.  If I do not hear from you by this afternoon, I will seek a motion to compel.

(2)     As you know, the court has requested us to file a proposed joint protective order by Tuesday, February 22.  I will have a draft version ready for your review by this afternoon along with a proposed motion.  Please let me know if this is workable for you.

Thanks,

Larry Young, Jr.
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
205.380.6996 (direct)
205.879.8831 (fax)
lay@ffdlaw.com
www.ffdlaw.com

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in the above communication is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of the above communication.

# EXHIBIT 3

Larry Young

| | |
|---|---|
| **From:** | James Patterson [jpatterson@alalaw.com] |
| **Sent:** | Friday, February 18, 2011 8:45 AM |
| **To:** | Larry Young |
| **Subject:** | RE: Young v. BC Services |

Hey Larry,

Not trying to ignore you, have a couple of trials I have been prepping for.  Ill review this email today and get back with you this afternoon.

Thanks,

James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100        21 South Section Street
Mobile, Alabama 36602                  Fairhope, Alabama 36533
Phone: 251 432-9212                    Phone: 251 990-5558
Fax:   251 433-7172                    Fax:   251 990-0626

# EXHIBIT 4

## Larry Young

| | |
|---|---|
| **From:** | Larry Young |
| **Sent:** | Monday, February 21, 2011 12:28 PM |
| **To:** | 'James Patterson' |
| **Cc:** | Rebakah I. Reese |
| **Subject:** | Young v. BC Services |

**Importance:**        High

James,

How are you today? Any news on my discovery? I really need to know something today as I didn't hear back from you on Friday as promised.

My office will file a motion to compel at <u>5:00 pm</u> today if I don't hear anything from you by such time. Again, I want to work with you regarding my requests. However, I will resort to seeking the Court's intervention if you don't work with me to get our outstanding discovery issues resolved.

Please call me should you have any questions or concerns.

Thanks,


Larry Young, Jr.
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
205.380.6996 (direct)
205.879.8831 (fax)
<u>lay@ffdlaw.com</u>
<u>www.ffdlaw.com</u>

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in the above communication is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of the above communication.

# EXHIBIT 5

**Larry Young**

| | |
|---|---|
| **From:** | James Patterson [jpatterson@alalaw.com] |
| **Sent:** | Monday, February 21, 2011 1:06 PM |
| **To:** | Larry Young |
| **Subject:** | RE: Young v. BC Services |

Larry,

Pursuant to our phone call,  I reviewed your clients requests  from your February 2 letter and will be able to supplement a few of those.  However, my client has not had an opportunity to come in to provide me additional responses. Therefore, thanks for the  10 day extension to provide the supplement answers that my client can provide.

Again, I apologize for the delay, but was unable to respond back to you Friday afternoon.

Thanks,


James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100        21 South Section Street
Mobile, Alabama 36602                  Fairhope, Alabama 36533
Phone: 251 432-9212                    Phone: 251 990-5558
Fax:   251 433-7172                    Fax:   251 990-0626

# EXHIBIT 6

**From:** Larry Young [mailto:lay@ffdlaw.com]
**Sent:** Monday, March 07, 2011 10:38 AM
**To:** James Patterson
**Subject:** RE: Young v. BC Services
**Importance:** High

Hey James,

How are you today?  What is the status of my discovery?

My hands are tied at this point and I need supplemental responses as soon as possible.  I plan to forward with a Motion to Compel unless I hear from you by 4:00 PM today.

Thanks,

Larry

# EXHIBIT 7

**Larry Young**

To:
Subject:

**From:** James Patterson [mailto:jpatterson@alalaw.com]
**Sent:** Monday, March 07, 2011 3:36 PM
**To:** Larry Young
**Subject:** RE: Young v. BC Services

Larry,

Here is my clients response thus far. I have a letter that will accompany this on Wednesday regarding specifically my issues with these and the other interrogatories you requested supplemental responses on. I will address those in the letter and let's talk Thursday.

Sorry for the delay. Thanks

```
James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100     21 South Section Street
Mobile, Alabama 36602              Fairhope, Alabama 36533
Phone: 251 432-9212                Phone: 251 990-5558
Fax:   251 433-7172                Fax:   251 990-0626
```

**From:** James Patterson [mailto:jpatterson@alalaw.com]
**Sent:** Monday, March 07, 2011 11:08 AM
**To:** Larry Young
**Subject:** RE: Young v. BC Services

Larry,

I am well. We are closed down here for Mardi Gras the next couple days. I think I have the supplemental answers I can get to you, let me double check with my assistant to see. I won't be able to get you signed copy till later in the week but I can get you the update answers. I was in trial all last week, so I am now just catching up. You know how that can be.

```
James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100     21 South Section Street
Mobile, Alabama 36602              Fairhope, Alabama 36533
Phone: 251 432-9212                Phone: 251 990-5558
```

1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| APRIL L. YOUNG, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO.: 10-CV-00429-WS-B** |
| | § | |
| BOND COLLECT SERVICES, INC., | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO BOND COLLECT SERVICES, INC.'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTIONS

2.    *State the date of every communication you had with BC Services, or any individual or entity you believe to BC an employee or agent of BC Services regarding the debt made the basis of the present suit, including the names of the persons communicated to or from; the time of the communication, and whether the communication was by telephone, cell phone, e-mail, letter or other means of communication.*

**RESPONSE: Please see Plaintiff's Amended Complaint (Doc. 20-1) and affidavit (Doc.14-1) attached as Plaintiff's response in Opposition to Motion for Summary Judgment.**

**SUPPLEMENTAL RESPONSE: Plaintiff's calls were received and made on her home phone and her cell phone.**

16.    *Are you claiming any emotional distress or mental anguish damages in this case? If so, please provide the following information:*

   a.   *The name and address of each and every hospital, doctor, psychiatrist, psychologist, counselor, or healthcare professional of any type or nature with whom you have consulted, sought treatment, or otherwise discussed any mental anguish or emotional distress you claim to have been caused by the issues and*

*facts as stated in your lawsuit.*

b. *The dates on which you consulted with any individual listed in section (a) above.*

c. *The name and address of each and every hospital, doctor, psychiatrist, psychologist, counselor, or healthcare professional of any type or nature with whom you have consulted, sought treatment, or otherwise discussed any emotional distress, mental anxiety, depression, or any mental health issue of any type or nature in the ten (10) years preceding the filing of this lawsuit.*

d. *For any individual or business identified in section (c) above, the dates on which you were treated.*

e. *Whether or not a healthcare provider by any definition, please list the names of all individuals or businesses with whom you have discussed any emotional distress or mental anxiety which you claim to have suffered as a result of the issues and allegations in this lawsuit.*

f. *For any entities or individuals identified in section (e) above, the dates on which you discussed your emotional distress or mental anguish with such person or entity.*

g. *Whether or not a healthcare provider by any definition, the names of any individuals or businesses whatsoever with whom you have discussed any mental anguish, emotional distress, depression or any mental health issue of any type or nature in the ten (10) years preceding the filing of the this lawsuit.*

h. *For any entities or individuals identified in section (g) above, the dates on which you discussed your emotional distress or mental anguish with such person or entity.*

**RESPONSE:** Since all this has began with the Defendant, Plaintiff's nerves have been on edge. The phone calls Plaintiff have received and made to try to have all of this resolved has caused such emotional stress that her blood pressure has risen. Plaintiff is currently on two blood medications where she was just on one and now has to take vitamins prescribed by her doctor to help with her nerves. Plaintiff has been seeking other employment but has been unsuccessfully.

**SUPPLEMENTAL RESPONSE:** Dr. Kevin Varden, 1700 Springhill Avenue, Suite 100, Mobile, AL 36604, is her treating physician.

RESPECTFULLY SUBMITTED this the _____ day of _____, 2011.


_____
**JAMES D. PATTERSON   (PATTJ6485)**
Attorney for Plaintiff

OF COUNSEL:
**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone:   251.432.9212**
**Fax:      251.433.7172**
jpatterson@alalaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on March _____ 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


_____
**JAMES D. PATTERSON**


3

**Larry Young**

| | |
|---|---|
| **From:** | James Patterson [jpatterson@alalaw.com] |
| **Sent:** | Monday, March 07, 2011 3:36 PM |
| **To:** | Larry Young |
| **Subject:** | RE: Young v. BC Services |
| **Attachments:** | Ptf's supplemental responses to ROGs.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Larry,

Here is my clients response thus far. I have a letter that will accompany this on Wednesday regarding specifically my issues with these and the other interrogatories you requested supplemental responses on. I will address those in the letter and let's talk Thursday.

Sorry for the delay. Thanks

James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100      21 South Section Street
Mobile, Alabama 36602               Fairhope, Alabama 36533
Phone: 251 432-9212                 Phone: 251 990-5558
Fax:   251 433-7172                 Fax:   251 990-0626

---

**From:** Larry Young [mailto:lay@ffdlaw.com]
**Sent:** Monday, March 07, 2011 11:10 AM
**To:** James Patterson
**Subject:** RE: Young v. BC Services

Oh man, I totally forgot about Mardi Gras. Why didn't folks up hear get the memo? Hah!

I totally understand with trial and all. However, I'm getting heat from all ends, so I'm sure you understand. I will take what you have for now. We can sort out any other issues next week.

Thanks,

Larry

---

**From:** James Patterson [mailto:jpatterson@alalaw.com]
**Sent:** Monday, March 07, 2011 11:08 AM
**To:** Larry Young
**Subject:** RE: Young v. BC Services

Larry,

I am well. We are closed down here for Mardi Gras the next couple days. I think I have the supplemental answers I can get to you, let me double check with my assistant to see. I won't be able to get you signed copy till later in the week but I can get you the update answers. I was in trial all last week, so I am now just catching up. You know how that can be.

1

James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100        21 South Section Street
Mobile, Alabama 36602                  Fairhope, Alabama 36533
Phone: 251 432-9212                    Phone: 251 990-5558
Fax:   251 433-7172                    Fax:   251 990-0626

**From:** Larry Young [mailto:lay@ffdlaw.com]
**Sent:** Monday, March 07, 2011 10:38 AM
**To:** James Patterson
**Subject:** RE: Young v. BC Services
**Importance:** High

Hey James,

How are you today?  What is the status of my discovery?

My hands are tied at this point and I need supplemental responses as soon as possible.  I plan to forward with a Motion to Compel unless I hear from you by 4:00 PM today.

Thanks,

Larry

*ex h 7*

---

**From:** James Patterson [mailto:jpatterson@alalaw.com]
**Sent:** Monday, February 21, 2011 1:06 PM
**To:** Larry Young
**Subject:** RE: Young v. BC Services

Larry,

Pursuant to our phone call,  I reviewed your clients requests  from your February 2 letter and will be able to supplement a few of those.  However, my client has not had an opportunity to come in to provide me additional responses. Therefore, thanks for the  10 day extension to provide the supplement answers that my client can provide.

Again, I apologize for the delay, but was unable to respond back to you Friday afternoon.

Thanks,


James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

166 Government Street Suite 100        21 South Section Street          *exh. 5*
Mobile, Alabama 36602                  Fairhope, Alabama 36533

2

Phone: 251 432-9212
Fax:    251 433-7172

Phone: 251 990-5558
Fax:    251 990-0626

---

**From:** Larry Young [mailto:lay@ffdlaw.com]
**Sent:** Monday, February 21, 2011 12:28 PM
**To:** James Patterson
**Cc:** Rebakah I. Reese
**Subject:** Young v. BC Services
**Importance:** High

James,

How are you today?  Any news on my discovery?  I really need to know something today as I didn't hear back from you on Friday as promised.

My office will file a motion to compel at 5:00 pm today if I don't hear anything from you by such time.  Again, I want to work with you regarding my requests.  However, I will resort to seeking the Court's intervention if you don't work with me to get our outstanding discovery issues resolved.

Please call me should you have any questions or concerns.

Thanks,


Larry Young, Jr.
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
205.380.6996 (direct)
205.879.8831 (fax)
lay@ffdlaw.com
www.ffdlaw.com


Unless otherwise indicated or obvious from the nature of the above communication, the information contained in the above communication is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of the above communication.

Exh. 4

**Larry Young**

| | |
|---|---|
| **From:** | James Patterson [jpatterson@alalaw.com] |
| **Sent:** | Friday, February 18, 2011 8:45 AM |
| **To:** | Larry Young |
| **Subject:** | RE: Young v. BC Services |

Hey Larry,

Not trying to ignore you, have a couple of trials I have been prepping for.  Ill review this email today and get back with you this afternoon.

Thanks,

James Donnie Patterson, Esq.
Attorney at Law
Underwood & Riemer
jpatterson@alalaw.com
www.alalaw.com

| | |
|---|---|
| 166 Government Street Suite 100 | 21 South Section Street |
| Mobile, Alabama 36602 | Fairhope, Alabama 36533 |
| Phone: 251 432-9212 | Phone: 251 990-5558 |
| Fax:   251 433-7172 | Fax:   251 990-0626 |

---

**From:** Larry Young [mailto:lay@ffdlaw.com]
**Sent:** Friday, February 18, 2011 8:43 AM
**To:** James Patterson
**Cc:** Rebakah I. Reese
**Subject:** Young v. BC Services
**Importance:** High

James,

I hope all is well with you this morning.  My purpose for writing you this morning is two-fold:

(1)     Have your reviewed my letter to you dated February 2, 2011?  Within it, I request that you contact me within the next 14 days your client's supplemental discovery responses.  If your client needs more time to provide supplemental responses, please state as much.  However, I would greatly appreciate you reaching out to me as previously requested.  If I do not hear from you by this afternoon, I will seek a motion to compel.

(2)     As you know, the court has requested us to file a proposed joint protective order by Tuesday, February 22.  I will have a draft version ready for your review by this afternoon along with a proposed motion.  Please let me know if this is workable for you.

Thanks,

Larry Young, Jr.
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
205.380.6996 (direct)
205.879.8831 (fax)

lay@ffdlaw.com
www.ffdlaw.com

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in the above communication is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of the above communication.