UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL L. YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE No: 10-CV-00429 |
| BC SERVICES, INC., | ) ) ) |
| Defendant, | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION OF MOTION TO COMPEL**

COMES NOW Defendant, BC Services, Inc., (hereinafter "BC Services") and submits this Reply to Plaintiff's Response to Defendant's Motion to Compel (hereinafter "Reply"). In support of this Reply, BC Services states as follows:

1. Plaintiff's credit report is highly relevant in this matter as it will reflect her entire financial condition at the time of the events made the basis of her suit.

2. Specifically, Plaintiff is claiming damages which arise from collection calls made by Defendant, BC Services. On the same day she filed the present matter, Plaintiff filed two additional suits also claiming damages as a result of collection activity occurring on or around the time of the events in the present suit. (Compare Exhibit A – Complaint in *April L. Young v. Account Brokers of Lamier County, Inc.*, 2010-CV-427, paragraphs 6-16); (and Exhibit B – Complaint in *April

{W0287914.1}

*L. Young v. Collection Center of Wyoming*, *2010-CV-428*, paragraphs 6-13); (with Exhibit C – Plaintiff's First Amended Complaint in *April L. Young v. BC Services, Inc.*, paragraphs 6-20).

3.  The pleadings in *Account Brokers* and *Collection Center of Wyoming* evidence plaintiff's contention she was subjected to collection activity from other entities besides Defendant. Moreover, Defendant has reason to believe Plaintiff may have received collection calls from collectors other than those she is suing. Such information is surely discoverable and well within the scope of FRCP 26 as it goes to the heart of the claims against Defendant and Plaintiff's alleged damages.

4.  Within her Response to Defendant's Motion to Compel, Plaintiff contends she has provided the names of all collection agencies and/or creditors which have contacted her, and that her credit report "will not shed any new light on [her] response." (See Plaintiff's Response to Defendant's Motion to Compel, p. 3). Defendants are entitled to test Plaintiff's assertion through review of her credit report as it is the best evidence of all accounts which may have resulted in collection calls. Plaintiff cannot restrict discovery by her simple assertion that she has in-fact listed all creditors which she claims contacted her. Plaintiff's own pleadings in *Account Brokers* and *Collection Center of Wyoming* evidence that alleged collection activity against her is not an isolated matter. Therefore,

{W0287914.1 }

Defendant cannot be limited to rely solely on Plaintiff's recollection when there is objective proof available of all her accounts subject to collections.

5.  Discovery is appropriate if it is reasonably calculated to lead to relevant evidence. Fed. R. Civ. P. 26(b)(1). Plaintiff's credit report is directly relevant to her claims and is, without question, reasonably calculated to lead to discovery of all collection activity during the pertinent time period outlined in the First Amended Complaint.

6.  The Fair Credit Reporting Act (hereinafter "FCRA") allows the discovery and use of credit reports in litigation such as this. Section 1681b of the FCRA addresses several wide-ranging permissible purposes for which a party may use another's credit report. Furthermore, case law supports that preparation for litigation is a permissible purpose for which a party may use another's credit report. "Preparation for litigation can qualify as a permissible purpose under the broad language" of § 1681b. *Minter v. AAA Cook County Consol., Inc.*, 2004 WL 1630781 at *5 (N.D. Ill. July 19, 2004). Plaintiff's assertion that some type of unique or particularized privilege shields credit reports from production is simply wrong.

7.  However, the Defendnat is happy to consent to a Protective Order if this will relieve Plaintiff's concerns. In fact, if privacy concerns are paramount to Plaintiff's objection in producing such items, she may freely designate any credit

{W0287914.1 }

reports produced as "Confidential" pursuant to the Protective Order previously adopted by the Court on February 22, 2011. The Defendant will not object.

WHEREFORE, PREMISES CONSIDERED, Defendant, BC Services, Inc., respectfully requests this Honorable Court to enter an Order requiring the Plaintiff to execute a release for her credit report or else to obtain and produce an unredacted and complete copy of her credit report within thirty days.

                Respectfully Submitted,

                /s/ Neal D. Moore, III
                Neal D. Moore, III
                Larry Young, Jr.
                *Attorneys for Defendant BC Services, Inc.*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205) 879-8722 – telephone
(205) 879-8831 – telecopier

{W0287914.1 }

## CERTIFICATE OF SERVICE

This is to certify that on this the 29th day of March, 2011, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via Electronic Filing:

Kenneth J. Riemer
James D. Patterson
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, Alabama 36602
*Attorney for Plaintiff*

/s/ Neal D. Moore, III
OF COUNSEL

{W0287914.1}