IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL L. YOUNG, | * |
| Plaintiff, | * |
| vs. | *   Civil Action: 10-00429-WS-B |
| BC SERVICES, INC., | * |
| Defendant. | * |

## ORDER

This matter is before the Court on Defendant BC Services, Inc.'s Motion for Protective Order (Doc. 46), and Plaintiff April L. Young's Motion to Compel (Doc. 49). A discovery conference was conducted on June 15, 2011, with counsel for the parties participating by telephone. Upon consideration of the parties' respective motions and the responses in opposition, the undersigned finds that Defendant's motion is due to be granted, and Plaintiff's motion is due to be denied.

**I. Background**

This is an action brought pursuant to the Fair Debt Collection Practices Act (FDCPA). According to Plaintiff, Defendant violated the Act by making harassing and threatening telephone calls to her in an attempt to collect a debt. In Defendant's Motion for a Protective Order, Defendant seeks an order permitting it to delay production of telephone recordings

between Plaintiff and Defendant's employees until after Plaintiff is deposed. Defendant acknowledges that the recordings are discoverable, but argues that their production should be delayed until after Plaintiff has been deposed. According to Defendant, if Plaintiff is provided the recordings prior to her deposition, she will tailor her testimony around the recordings, and the impeachment value of the recordings will be lost. Defendant contends that early on in this case, Plaintiff changed her allegations once provided with a transcript of a November 2009 discussion between her and one of Defendant's representatives. Specifically, Defendant contends that Plaintiff's original complaint contained a single allegation regarding a telephone discussion that occurred on or around November 4, 2009 in which one of Defendant's representatives called her a "deadbeat" and threatened to sue her. Defendant contends that once Plaintiff was provided with a transcript of a November 3, 2009 recording of a discussion between her and one of Defendant's representatives, she changed her allegations because the recording did not support her allegations. Defendant argues that unless production of the additional recordings are delayed, Plaintiff will again seek to tailor her testimony to the recordings and the impeachment value of the recordings will be lost.

In Plaintiff's Motion to Compel and response to Defendant's Motion for a Protective Order, Plaintiff argues that the recordings are clearly discoverable and that the recordings should be produced without delay. According to Plaintiff, the recordings contain personal statements made by her, and she is entitled to copies of her own personal statements. Plaintiff further contends that the recorded statements constitute substantive evidence and have very little impeachment value. Additionally, Plaintiff contends that Defendant will have an unfair advantage if it is able to rely on the recordings to prepare its defense, and Plaintiff is deprived of them until after she has submitted to a deposition.

**II. Discussion**

The undersigned observes, as a preliminary matter, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense...." Fed. R. Civ. P. 26(b)(1). To be considered relevant for discovery purposes, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Though broad, a party's right to discovery is not absolute. The Court "may, for good cause shown, issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). Such an order may provide

3

that the disclosure or discovery not be had. A protective order is appropriate only where the moving party can establish that there is "good cause" for limiting discovery. Rule 26's good-cause standard requires the Court to perform a balancing test, weighing the interests of the party seeking discovery against the interests of the party wanting to limit or restrict discovery. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001).

The parties have not cited any Eleventh Circuit cases addressing the issue before the Court, and the undersigned has not located any. However, in Stamps v. Encore Receivable Management, Inc., 232 F.R.D. 419 (N.D. Ga. 2005), a district court within the Circuit faced a somewhat similar issue involving a telephone recording made by a plaintiff who was alleging violations of the FDCPA Act. The plaintiff sought a protective order to delay the production of the recording until after the depositions of the defendant's representatives. The court's analysis focused on balancing the rights of the defendant to full discovery versus the plaintiff's right to the defendant's unrefreshed recollection of events that gave rise to the litigation. The court held that resolution of the issue came down to whether the recording was classified as "substantive evidence" or "impeaching evidence." According to the court, "[t]o the extent the substantive value of the evidence outweighs

its impeachment value, the Court will not delay the production pending the taking of a deposition." Id. at 423. (citing Pro Billards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229 (M.D.N.C. 1999). In Stamps, the court observed that "[w]hen a party uses a recording to establish the truth of the case, that recording largely constitutes substantive evidence." Id. The court found that the plaintiff had identified the recording as key evidence in her complaint, and she intended to use it to establish the truth of her assertions that the defendant had violated the FDCPA Act; thus, the real value of the recording was not in impeaching a witness, but in the facts and issues determined by the recording.

Another instructive case is Taylor v. The Guardian Life Ins. Co. of America, 2007 U.S. Dist. LEXIS 29764 (S.D. Ga. Mar. 27, 2007). In Taylor, the plaintiff alleged that the defendants had wrongly denied him disability benefits and sought an order compelling the defendant to turn over to him surveillance photographs and videos taken of him by the defendants. While the parties agreed that the photographs and videos were discoverable, the plaintiff alleged that they constituted substantive evidence which should be produced before his deposition, while the defendants argued that the potential impeachment value of the materials outweighed their substantive evidentiary value. The court held that the proper balance in

such a situation is to require production after the plaintiff's deposition has been taken.

As noted supra, in this case, there is no dispute that the telephone recordings are discoverable. The issue is when should they be produced. While Plaintiff argues that the recordings have great substantive evidentiary value, it is clear that the impeachment value of the recordings greatly outweigh their substantive value. This is not a situation, such as in Stamps, where the recordings are being used by a plaintiff to primarily help establish the truth of his or her claims. Instead, in this situation, the great value of the recordings is that they may impeach allegations that Plaintiff may make during her deposition. If Plaintiff is provided the recordings before the deposition, the impeachment value is lost.

Moreover, the undersigned finds nothing inherently unfair about requiring a party who has filed a lawsuit based on alleged harassing telephone calls to give sworn deposition testimony about the alleged phone calls before being provided with copies of the telephone recordings. This situation is no different than one in which a plaintiff who has alleged disability is made to testify about the extent of his or her damages before being provided copies of surveillance photographs or videos. This is particularly true where Plaintiff and her counsel have been placed on notice, prior to her deposition, that recordings

exist, and where Plaintiff is free to explain any discrepancies which might exist between her deposition testimony and the recordings.

Accordingly, Defendant's Motion for a Protective Order is granted. Defendant is directed to make the recordings available to Plaintiff and her counsel after her deposition has concluded. Plaintiff's Motion to Compel is denied to the extent it sought immediate production of the recordings.

DONE this **17th** day of **June, 2011.**

                    **/s/ SONJA F. BIVINS**
               **UNITED STATES MAGISTRATE JUDGE**